**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

-----------------------------------------------------------------------X

Cosmelina Almonte, *on behalf of herself and others similarly situated in the proposed FLSA Collective Action*,

                            *Plaintiff,*

          *-against-*

Bermeo Food Corp., Nelson Bermeo, and Arturo Bermeo,

                            *Defendants*.

-----------------------------------------------------------------------X

Index No.:

**COMPLAINT**

       Plaintiff Cosmelina Almonte ("Plaintiff" or "Almonte"), on behalf of herself and others similarly situated, by and through the undersigned attorneys, Levin-Epstein & Associates, P.C., upon personal knowledge as to herself and upon information and belief as to others, brings this first amended complaint against Defendants Bermeo Food Corp. (together, the "Corporate Defendant"), Nelson Bermeo and Arturo Bermeo (together, the "Individual Defendants", and collectively, the "Defendants"), and states as follows:

## NATURE OF THE ACTION

       1.    Plaintiff brings this lawsuit seeking recovery, for herself and all other similarly situated individuals, against Defendants' violations of the FLSA, and violations of Articles 6 and 19 of the NYLL and their supporting NYDOL regulations.

       2.    Plaintiff seeks injunctive and declaratory relief and to recover unpaid minimum wages, overtime wages, unlawfully deducted wages, liquidated and statutory damages, pre- and post-judgment interest, and attorneys' fees and costs pursuant to the FLSA, NYLL, and the NYLL's Wage Theft Prevention Act ("WTPA").

1

## JURISDICTION AND VENUE

3. The Court has subject matter jurisdiction of this case pursuant to 29 U.S.C. § 216 (b), 28 U.S.C. § 1331 and 28 U.S.C. § 1337, and has supplemental jurisdiction over Plaintiff's claims under the NYLL pursuant to 28 U.S.C. § 1367(a).

4. This Court has federal question jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. § 1331 because Plaintiff's claims arise under the FLSA.

5. Venue is proper in this District under 28 U.S.C. § 1391(b) and (c), because all events relevant to this action occurred in this District, and the acts and omissions giving rise to the claims herein alleged took place in this District.

## THE PARTIES

**PLAINTIFF COSMELINA ALMONTE**

6. Plaintiff Almonte was employed as a server at Defendants' Ecuadorian restaurant and bar located at 341 St. Nicholas Ave., Ridgewood, NY 11385, known as "El Manaba".

7. Plaintiff Almonte was employed as a non-managerial employee at El Manaba from on or around June 2021 through and including the present date.

8. At all relevant times, Plaintiff has been an employee within the meaning of Section 3(e) of the FLSA, 29 U.S.C. § 203(e).

**DEFENDANT BERMEO FOOD CORP.**

9. Upon information and belief, Defendant Bermeo Food Corp. is a domestic corporation organized and existing under the laws of the State of New York. Upon information and belief, it maintains a principal place of business at 341 St. Nicholas Ave., Ridgewood, NY 11385.

10. At all times relevant to this Complaint, Defendant Bermeo Food Corp.: (i) has had

and continues to have employees engaged in commerce or in the production of goods and services for commerce and handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person and (ii) has had and continues to have an annual gross volume of sales of not less than $500,000.00.

11. At all times relevant to this Complaint, Defendant Bermeo Food Corp. was and is a covered employer within the meaning of the FLSA, 29 U.S.C. § 203(d) and, at all times relevant to this Complaint, employed employees, including Plaintiff.

12. At all times relevant to this Complaint, Defendant Bermeo Food Corp. was and is an employer within the meaning of the 29 U.S.C. 201 *et seq.* and NYLL Section 190(3), and employed employees, including Plaintiff.

13. Defendant Bermeo Food Corp. possessed substantial control over Plaintiff's (and other similarly situated employees') working conditions, and over the policies and practices with respect to the employment and compensation of Plaintiff, and all similarly situated individuals, referred to herein.

14. Defendant Bermeo Food Corp. had the power to hire and fire Plaintiff, control the terms and conditions of employment, and determine the rate and method of any compensation in exchange for Plaintiff's services.

**DEFENDANT NELSON BERMEO**

15. Defendant Nelson Bermeo is an individual engaging (or who was engaged) in business within this judicial district during the relevant time period.

16. Defendant Nelson Bermeo is sued individually and in his capacity as an owner, officer and/or agent of the Corporate Defendant.

17. Defendant Nelson Bermeo possesses or possessed operational control over the

Corporate Defendant, or controlled significant functions of the Corporate Defendant.

18.     Defendant Nelson Bermeo determined the wages and compensation of employees, including Plaintiff, established the schedules of employees, maintained employee records, and had the authority to hire and fire employees.

19.     At all times relevant to this Complaint, Defendant Nelson Bermeo was and is an employer within the meaning of the 29 U.S.C. 201 *et seq.* and NYLL Section 190(3), and employed employees, including Plaintiff.

20.     The true name of Defendant Nelson Bermeo is unknown to Plaintiff at this time, and Plaintiff will seek leave to amend this Complaint to state their true name when they have been ascertained.

**DEFENDANT ARTURO BERMEO**

21.      Defendant Arturo Bermeo is an individual engaging (or who was engaged) in business within this judicial district during the relevant time period.

22.     Defendant Arturo Bermeo is sued individually and in his capacity as an owner, officer and/or agent of the Corporate Defendant.

23.     Defendant Arturo Bermeo possesses or possessed operational control over the Corporate Defendant, or controlled significant functions of the Corporate Defendant.

24.     Defendant Arturo Bermeo determined the wages and compensation of employees, including Plaintiff, established the schedules of employees, maintained employee records, and had the authority to hire and fire employees.

25.     At all times relevant to this Complaint, Defendant Arturo Bermeo was and is an employer within the meaning of the 29 U.S.C. 201 *et seq.* and NYLL Section 190(3), and employed employees, including Plaintiff.

26. The true name of Defendant Arturo Bermeo is unknown to Plaintiff at this time, and Plaintiff will seek leave to amend this Complaint to state their true name when they have been ascertained.

**DEFENDANTS CONSTITUTE JOINT EMPLOYERS**

27. Defendants own, operate and/or control the Ecuadorian restaurant and bar located at 341 St. Nicholas Ave., Ridgewood, NY 11385 (*i.e.*, El Manaba).

28. The Individual Defendants possess operational control over the Corporate Defendant, possess an ownership interest in the Corporate Defendant, and control significant functions of the Corporate Defendant.

29. Defendants are associated and joint employers, act in the interest of each other with respect to employees, pay employees by the same method, and share control over the employees.

30. Each Defendant possessed substantial control over Plaintiff's (and other similarly situated employees') working conditions, and over the policies and practices with respect to the employment and compensation of Plaintiff, and all similarly situated individuals, referred to herein.

31. Defendants jointly employed Plaintiff, and all similarly situated individuals, and are Plaintiff's (and all similarly situated individuals') employers within the meaning of 29 U.S.C. 201 *et seq.* and the NYLL.

32. In the alternative, Defendants constitute a single employer of Plaintiff and/or similarly situated individuals.

33. Upon information and belief, the Individual Defendants operate the Corporate Defendant as either an alter ego of themselves, and/or fail to operate the Corporate Defendant as an entity legally separate and apart from themselves, by, among other things

5

    a. failing to adhere to the corporate formalities necessary to operate the Corporate Defendant a separate and legally distinct entity;

    b. defectively forming or maintaining the Corporate Defendant, by among other things failing to hold annual meetings or maintaining appropriate corporate records;

    c. transferring assets and debts freely as between all Defendants;

    d. operating the Corporate Defendant for their own benefit as the majority shareholders;

    e. operating the Corporate Defendant for their own benefit and maintaining control over it as closed corporations or closely controlled entities;

    f. intermingling assets and debts of their own with the Corporate Defendant;

    g. diminishing and/or transferring assets of the Corporate Defendant to protect their own interests; and

    h. other actions evincing a failure to adhere to the corporate form.

34. At all relevant times, Defendants were Plaintiff's employers within the meaning of the FLSA and NYLL.

35. Defendants had the power to hire and fire Plaintiff, control the terms and conditions of employment, and determine the rate and method of any compensation in exchange for Plaintiff's services.

## FACTUAL ALLEGATIONS

36. Plaintiff and other similarly situated individuals are individuals who have worked for Defendants in similarly-titled, hourly paid position, during the statutory period.

37. Plaintiff and other similarly situated individuals all shared similar job titles,

training, job descriptions and job tasks, during the statutory period.

38. Plaintiff was an employee of Defendants.

39. Plaintiff was employed as a server at El Manaba.

40. From approximately June 2021 through and including July 31, 2021, Plaintiff worked at El Manaba as follows: approximately two (2) days per week from 3:00 p.m. to 4:00 a.m. (*i.e.*, 13 hours per day), and two (2) days per week from 8:00 p.m. to 4:00 a.m. (*i.e.*, 8 hours per day) for a total period of approximately 42 hours during each of the weeks, respectively.

41. From approximately August 2021 through and including the present date, Plaintiff worked at El Manaba as follows: approximately two (2) days per week from 3:00 p.m. to 4:00 a.m. (*i.e.*, 13 hours per day), and one (1) days per week from 8:00 p.m. to 4:00 a.m. (*i.e.*, 8 hours per day) for a total period of approximately 34 hours during each of the weeks, respectively.

42. From approximately June 2021 through and including the present date, Plaintiff's was paid a flat salary of $50 per day.

43. At all relevant times, Defendants also maintained a policy and practice of unlawfully appropriating Plaintiff's and other tipped employees' tips and made unlawful deductions from Plaintiff's and other tipped employees' wages.

44. Defendants' conduct extended beyond Plaintiff to all other similarly situated employees.

45. At all relevant times herein, Defendants required Plaintiff, and all similarly situated individuals, to distribute their tips. Such tips were required to be distributed to non-tipped managers at El Manaba.

46. As a managers of El Manaba, these individuals should not have taken a share of Plaintiff's, and all similarly situated individuals', tips.

47. Plaintiff estimates that Defendants unlawfully appropriated $35 per day in tips from Plaintiff's, and all similarly situated individuals', wages.

48. The employer-mandated tip sharing scheme imposed on Plaintiff and other waitresses is not customary.

49. The employer-mandated tip sharing imposed on Plaintiff was not reasonable.

50. Defendants did not establish, maintain, and preserve records as required by law, or did not make any such records available to Plaintiff or other participants in the mandated tip sharing scheme, that included: (1) a daily log of the tips collected by each employee on each shift, whether in cash or by credit card; (2) a list of occupations that the employer deemed eligible to receive tips through tip sharing; (3) the shares of tips that each occupation was scheduled to receive from tip sharing; and (4) the amount in tips that each employee received from the tip share by date.

51. Defendants did not post in a conspicuous place notices issued by the Department of Labor about wage and hour laws, tip appropriations, or illegal deduction provisions.

52. Defendants' conduct extended beyond Plaintiff to all other similarly situated employees.

53. Defendants did not state the correct gross wages, as defined by NYLL, for any employee on any pay statement as required by NYLL or deductions from the correct gross wages.

54. At no time did Defendants inform Plaintiff that they had reduced her hourly wage by a tip allowance.

55. Plaintiff was not required to keep track of her time, nor to her knowledge, did the Defendants utilize any time tracking device, such as sign in sheets or punch cards, that accurately reflected her actual hours worked.

8

56. No notification, either in the form of posted notices, or other means, was ever given to Plaintiff regarding wages are required under the FLSA or NYLL.

57. Defendants did not provide Plaintiff a statement of wages, as required by NYLL 195(3).

58. Defendants did not give any notice to Plaintiff, in English, of her rate of pay, employer's regular pay day, and such other information as required by NYLL § 195(1).

59. At all relevant times, Defendants did not pay Plaintiff at the rate of one and one-half times her hourly wage rate for hours worked in excess of forty per workweek.

## FLSA COLLECTIVE ACTION ALLEGATIONS

60. Plaintiff brings the First, Second and Claims for Relief as a collective action pursuant to FLSA §16(b), 29 U.S.C. §216(b), on behalf of all non-exempt persons (including but not limited to servers) employed by Defendants on or after the date that is six years before filing of the Complaint in this case, as defined herein ("FLSA Collective Plaintiffs").

61. At all relevant times, Plaintiff and FLSA Collective Plaintiffs are and have been similarly situated, have had substantially similar job requirements and pay provisions, and are and have been subject to Defendants' decision, policy, plan and common policies, programs, practices, procedures, protocols, routines and rules willfully failing and refusing to pay them at the legally required minimum wages, overtime wage for all hours worked in excess of forty hours per work week, and unlawfully deducted wages. These claims of the Plaintiff are essentially the same as those of the FLSA Collective Plaintiffs.

62. The First, Second and Claims for Relief are properly brought under and maintained as an opt-in collective action pursuant to under FLSA §16(b), 29 U.S.C. §216(b). The FLSA Collective Plaintiffs are readily ascertainable. For purpose of notice and others related to this

9

action, their names and addresses are readily available from the Defendants. Notice can be provided to the FLSA Collective Plaintiffs via first class mail to the last address known to Defendants

63. Plaintiff reserves the right to re-define the FLSA Collective Plaintiffs prior to notice or collective certification, and thereafter, as necessary.

## FIRST CLAIM
### (FLSA – Unpaid Minimum Wages, 29 U.S.C. § 201 *et seq.*)

64. Plaintiff repeats and incorporates all foregoing paragraphs as if fully set forth herein.

65. Defendants willfully and intentionally failed to compensate the Plaintiff with the applicable minimum hourly wage in violation of the FLSA, 29 U.S. Code § 206.

66. Defendants have failed to make a good faith effort to comply with the FLSA with respect to compensation of Plaintiff.

67. Due to Defendants' violations of the FLSA, Plaintiff, on behalf of herself and FLSA Collective Plaintiffs, is entitled to recover from Defendants, jointly and severally, their unpaid minimum wages and an equal amount in the form of liquidated damages, as well as reasonable attorneys' fees and costs of the action, pursuant to the FLSA, all in an amount to be determined at trial. 29 U.S.C. § 216(b).

## SECOND CLAIM
### (FLSA – Unpaid Overtime Wages, 29 U.S.C. §§ 201 *et seq.*)

68. Plaintiff repeats and incorporates all foregoing paragraphs as if fully set forth herein.

69. At all relevant times to this action, Plaintiff is a covered, non-exempt employees within the meaning of the FLSA.

70. Defendants were required to pay Plaintiff one and one-half (1 1/2) times the regular rate at which Plaintiff were employed for all hours worked in excess of forty hours in a workweek pursuant to the overtime wage provisions set forth in the FLSA, 29 U.S.C. § 207, *et seq.*

71. Defendants failed to pay Plaintiff the overtime wages to which she is entitled under the FLSA.

72. Defendants willfully violated the FLSA by knowingly and intentionally failing to pay Plaintiff overtime wages.

73. Due to Defendants' willful violations of the FLSA, Plaintiff, on behalf of herself and FLSA Collective Plaintiffs, is entitled to recover their unpaid overtime wages, liquidated damages, reasonable attorney's fees and cost of the action and pre-judgment and post-judgment interest.

## THIRD CLAIM
### (NYLL – Unpaid Minimum Wages, N.Y. Stat. § 650 *et seq.*)

74. Plaintiff repeats and incorporates all foregoing paragraphs as if fully set forth herein.

75. Defendants willfully and intentionally failed to compensate the Plaintiff with the applicable minimum hourly wage in violation of the NYLL §650 *et seq.*

76. Defendants have failed to make a good faith effort to comply with the NYLL with respect to compensation of Plaintiff.

77. Due to Defendants' violations of the NYLL, Plaintiff, on behalf of herself and FLSA Collective Plaintiffs, is entitled to recover from Defendants, jointly and severally, their unpaid minimum wages and an equal amount in the form of liquidated damages, as well as reasonable attorneys' fees and costs of the action, in an amount to be determined at trial, pursuant to the NYLL § 663.

## FOURTH CLAIM
### (NYLL – Unpaid Overtime Wages)

78. Plaintiff repeats and incorporates all foregoing paragraphs as if fully set forth herein.

79. Plaintiff is a covered, non-exempt employees within the meaning of the NYLL and supporting NYDOL Regulations.

80. Under the NYLL and supporting NYDOL Regulations, Defendants are required to pay Plaintiff one and one half times the regular rate of pay, which shall not be less than the minimum wage, for all hours they worked in excess of forty.

81. Defendants failed to pay Plaintiff the overtime wages to which she is entitled under the NYLL.

82. Defendants willfully violated the NYLL by knowingly and intentionally failing to pay Plaintiff overtime wages.

83. Due to Defendants' willful violations of the NYLL, Plaintiff is entitled to recover their unpaid overtime wages, liquidated damages, reasonable attorney's fees and cost of the action and pre-judgment and post-judgment interest.

## FIFTH CLAIM
### (NYLL – Spread-of-Hours Pay)

84. Plaintiff repeats and incorporates all foregoing paragraphs as if fully set forth herein.

85. Defendants willfully failed to pay Plaintiff additional compensation of one hour's pay at the basic minimum hourly wage rate for each day during which the Plaintiff's shifts spread over more than ten (10) hours.

86. By Defendants' failure to pay Plaintiff spread-of-hours pay, Defendants willfully

violated §650 *et seq.* of the NYLL and violated the supporting NYDOL regulations, including, but not limited to, 12 N.Y. C.R.R. §146-1.6.

87. Due to Defendants' willful violations of the NYLL, Plaintiff is entitled to recover an amount prescribed by statute, liquidated damages, reasonable attorney's fees and cost of the action and pre-judgment and post-judgment interest.

## SIXTH CLAIM
### (NYLL WTPA– Failure to Provide Wage Notices)

88. Plaintiff repeats and incorporates all foregoing paragraphs as if fully set forth herein.

89. The NYLL and the WTPA require employers to provide all employees with a written notice of wage rates at the time of hire.

90. In violation of NYLL §195 (1), Defendants failed to furnish to Plaintiff at the time of hiring, or whenever their rate(s) of pay changed, with a wage notice containing the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other, allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer in accordance with NYLL §191; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address, if different; the telephone number of the employer, and anything otherwise required by law.

91. Due to Defendants' violations of NYLL §195 (1), Plaintiff, on behalf of herself and FLSA Collective Plaintiffs, is entitled to recover their liquidated damages, reasonable attorney's fees and cost and disbursement of the action, pursuant to the NYLL §198 (1-b).

## SEVENTH CLAIM
### (Violation of the Wage Statement Provisions of the NYLL)

92. Plaintiff repeats and incorporates all foregoing paragraphs as if fully set forth herein.

93. With each payment of wages, Defendants failed to provide Plaintiff with a statement listing each of the following the dates of work covered by the payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; the number of regular hours worked; the number of overtime hours worked, as required by the NYLL § 195(3).

94. As a result of Defendant's violation of the WTPA, Plaintiff is entitled to damages of at least $150 per week during which the violations occurred.

## EIGHTH CLAIM
### (NYLL – Unlawful Deductions from Tips)

95. Plaintiff repeats and incorporates all foregoing paragraphs as if fully set forth herein.

96. At all relevant times, Defendants were Plaintiff's employers within the meaning of the N.Y. Lab. Law §§ 2 and 651.

97. New York State Labor Law § 196-d prohibits any employer or his agents, including owners and managers, from demanding or accepting, directly or indirectly, any part of the gratuities received by an employee, or retaining any part of a gratuity, or any charge purported to be a gratuity, for an employee.

98. Defendants unlawfully misappropriated a portion of Plaintiff's tips that were received from customers.

99. Defendants knowingly and intentionally retained a portion of Plaintiff's tips in

14

violations of the NYLL and supporting Department of Labor Regulations.

100. Plaintiff was damaged in an amount to be determined at trial.

## NINTH CLAIM
### (Unlawful Wage Deductions Under the FLSA)

101. Plaintiff repeats and incorporates all foregoing paragraphs as if fully set forth herein.

102. Defendants have made unlawful deductions and required kickbacks from Plaintiff's wages, including but not limited to, deductions from Plaintiff's tips that were received from customers.

103. The deductions made from Plaintiff's wages have not been authorized or required by law.

104. The deductions made from Plaintiff's wages have not been expressly authorized in writing by Plaintiff, and have not been for Plaintiff's benefit.

105. Through their knowing or intentional efforts to permit unauthorized deductions form Plaintiff's wages, Defendants have willfully violated the FLSA. 29 U.S.C. § 206(a); 29 C.F.R. § 531.35.

106. Due to Defendants' willful violations of the FLSA, Plaintiff is entitled to recover from Defendants the amounts of any unlawful deductions, liquidated damages as provided for by the FLSA, reasonable attorneys' fees, costs, and prejudgment and post-judgment interest.

## PRAYER FOR RELIEF

**WHEREFORE**, the Plaintiff, on behalf of herself and FLSA Collective Plaintiffs, respectfully requests that this Court enter a judgment:

    a. authorizing Plaintiff at the earliest possible time to give notice of this collective action, or that the Court issue such notice, to all persons who are presently, or have up through the extent allowable under the statute of limitations and including the

date of issuance of court-supervised notice, been employed by Defendants as nonexempt employees. Such notice shall inform them that the civil notice has been filed, of the nature of the action, of their right to join this lawsuit if they believe they were denied minimum wages, premium overtime wages, and tips;

b. certification of this case as a collective action pursuant to the FLSA;

c. issuance of notice pursuant to 29 U.S.C. § 216(b), to all similarly situated members of the FLSA opt-in class, apprising them of the pendency of this action, and permitting them to assert timely FLSA claims and state claims in this action by filing individual Consent to Sue forms pursuant to 29 U.S.C. § 216(b), and appointing Plaintiff and their counsel to represent the FLSA Collective Plaintiffs;

d. declaring that Defendants violated the minimum wage provisions of the FLSA, the NYLL and the NYDOL regulations;

e. declaring that Defendants violated the overtime wage provisions of the FLSA, the NYLL and the NYDOL regulations;

f. declaring that Defendants violated the spread-of-hours pay provisions of the NYLL and NYDOL Regulations;

g. declaring that Defendants violated the notice statement pay provisions of the NYLL and WTPA;

h. declaring that Defendants violated the tip theft provisions of the NYLL and the NYDOL regulations;

i. declaring that Defendants violated the unlawful deductions provisions of the FLSA;

j. awarding Plaintiff unpaid minimum wages;

k. awarding Plaintiff unpaid overtime wages;

l. awarding Plaintiff unpaid spread-of-hours pay;

m. awarding Plaintiff unlawfully deducted tips;

n. awarding Plaintiff liquidated damages in an amount equal to the total amount of wages found to be due;

o. awarding Plaintiff statutory damages as a result of Defendants' failure to furnish accurate wage notice pursuant to the NYLL;

p. awarding Plaintiff pre- and post-judgment interest under the NYLL;

q. awarding Plaintiff reasonable attorneys' fees and the costs and disbursements of this action; and

r. Such other relief as this Court deems just and proper.

Dated: New York, New York
September 29, 2022

Respectfully submitted,

By: /s/ Jason Mizrahi
Jason Mizrahi
Joshua Levin-Epstein
Levin-Epstein & Associates, P.C.
60 East 42nd Street, Suite 4700
New York, New York 10165
Tel: (212) 792-0048
Email: Jason@levinepstein.com
*Attorneys for the Plaintiff and proposed FLSA Collection Action Plaintiffs*