# LEVIN-EPSTEIN & ASSOCIATES, P.C.

60 East 42nd Street • Suite 4700 • New York, New York 10165
T: 212.792-0048 • E: Jason@levinepstein.com

March 10, 2023

*Via Electronic Filing*
The Honorable Kiyo A. Matsumoto, U.S.D.J.
U.S. District Court, Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

                Re:    *Almonet v. Bermeo Food Corp. et al*
                      Case No.: 22-cv-06048

Dear Honorable Judge Matsumoto:

      This law firm represents Plaintiff Cosmelina Almonte (the "Plaintiff") in the above-referenced matter.

      This letter respectfully serves to respond to the: (i) purported Amended Answer with Affirmative Defenses and Counterclaims filed on March 7, 2023 [Dckt. No. 17] (the "Amended Answer"); (ii) pre-motion conference letter filed on March 8, 2023 [Dckt. No. 20]; and (iii) sur-replies filed on March 7, 2023 [Dckt. No. 18] and March 23, 2023 [Dckt. No. 23] in further opposition to Plaintiff's letter-motion for an extension of time, *nunc pro tunc*, to file the Answer with Affirmative Defenses to Plaintiff's Counterclaims [Dckt. No. 13].

      **I.**      **The Purported March 7, 2023 Amended Answer was Filed in Violation of Fed.R.Civ.P. 15(a)(1)**

      Pursuant to Fed.R.Civ.P.15(a)(1)(A), "a party may amend its pleading once as a matter of course within 21 days after serving it…" Fed.R.Civ.P. 15(a)(1)(A).

      On January 30, 2023, Defendants[1] appeared in this action through counsel, William R. Lizarraga ("Attorney Lizarraga"), and filed an Answer with Affirmative Defenses and Counterclaims [Dckt. No. 10] (the "Answer with Counterclaims"). The first paragraph of the Answer with Counterclaims states as follows:

> "COMES NOW **Defendant Nelson Bermeo, on behalf of himself and Bermeo Food, Corp. and Arturo Bermeo**…"

[*Id.*] (emphasis added). The ECF filing for the Answer with Counterclaims also notes that the Answer with Counterclaims was filed "by All Defendants." [*Id.*].

      Thus, Defendants had filed a responsive pleading to Plaintiff's October 8, 2022 Complaint [Dckt. No. 1] (the "Complaint"), on January 30, 2023.

---

[1] "Defendants" collectively refers to Defendants Bermeo Food Corp. (the "Corporate Defendant"), Nelson Bermeo and Arturo Bermeo (together, the "Individual Defendants", and collectively, the "Defendants").

On March 7, 2023 (*i.e.,* **36 days** after January 30, 2023), Defendants filed the purported Amended Answer. The Amended Answer was filed in response to Plaintiff's March 7, 2023 filing [Dckt. No. 16] in a last-ditch effort to salvage the improperly filed March 7, 2023 motion to dismiss [Dckt. No. 15] (the "Motion to Dismiss"), which was filed in derogation of Fed.R.Civ.P. 12(b).

The Amended Answer impermissibly sought to drop the Individual Defendants from the pleadings. Courts in the Second Circuit have taken issue with similar strategic maneuvers used by defendants in order to avoid liability. *See United Nat. Ins. Co. v. Waterfront N.Y. Realty Corp.*, 907 F. Supp. 663, 667 (S.D.N.Y. 1995) (defendant partnership could not amend complaint by simply removing individual partner who was named as defendant).

The Court should respectfully strike the purported Amended Answer because it was filed in violation of Fed.R.Civ.P. 15(a)(1).

### II.   The Court Should Deny the March 8, 2023 Pre-Motion Conference Letter

For the reasons set forth more fully in § I, *supra*, the Court should deny the March 8, 2023 pre-motion conference letter because the contemplated motion is filed in derogation[2] of Fed.R.Civ.P. 12(b).

Specifically, Defendants have already filed a responsive pleading, on January 30, 2023, in response to Plaintiff's Complaint.

### III.   Defendants Have, Once Again, Violated a Clear and Unequivocal Court Order

On March 7, 2023 [Dckt. No. 18][3] and March 23, 2023 [Dckt. No. 23][4] Defendants improperly filed two (2) separate *sur-replies* in further opposition to Plaintiff's letter-motion for an extension of time, *nunc pro tunc*, to file the Answer with Affirmative Defenses to Plaintiff's Counterclaims [Dckt. No. 13].

On March 5, 2023, the Honorable Magistrate Judge Vera M. Scanlon entered that certain Order, granting Defendants one (1) opportunity to "respond to the letter at [Dckt. No.] 13."

Defendants subsequently filed a response on March 7, 2023. [Dckt. No. 15].

Thus, the *sur-replies* filed on March 7, 2023 [Dckt. No. 18] and March 23, 2023 [Dckt. No. 23], violate the Court's clear and unequivocal March 5, 2023 Order.

---

[2] *See Adato v. Gala Tour, Inc*., 2011 WL 4458852, at *9 (E.D.N.Y. 2011) ("The Court denied the motion as improper pursuant to Rule 12(b) because defendants had already filed a responsive pleading.")

[3] This docket entry is notated as an "…affirmation in support and further opposition to Pt's mt for extension of time to file belated response to counterclaims" [*see* Dckt. No. 18].

[4] This docket entry is notated as a "RESPONSE in Opposition re [Dckt. No.] 13 MOTION for Extension of Time to File Answer re [Dckt. No.] 11 Answer to Counterclaim."

### IV. Defendants Have, Once Again, Violated Your Honor's Individual Rules, and this Court's Local Civil Rules

The Individual Defendants' purported Motion to Dismiss alternatively styled as a "Cross-Motion to Strike", filed on March 8, 2023 [Dckt. No. 23], seeks the dismissal of this action "for failure to serve the summons and complaint…" [*see* Dckt. No. 15-1 at ¶ 1], *i.e.,* pursuant to Federal Rule of Civil Procedure ("Fed.R.Civ.P.") 12(b)(5).

Notwithstanding the fact that this filing should be stricken (*see* §§ II, *supra*), it was filed in derogation of:

1. Your Honor's Individual Rule III(B)[5];
2. Your Honor's Individual Rule III(C)(1)(a)[6];
3. Your Honor's Individual Rule III(C)(2)[7]; and
4. E.D.N.Y. LCR 7.1(a)[8].

### V. Defendants Have, Once Again, Violated This Court's February 27, 2023 Order

On February 27, 2023, the Honorable Magistrate Judge Vera M. Scanlon admonished Defendants' counsel as follows:

> "Defendants' counsel is informed that Defendants are expected to cooperate in setting a discovery schedule, per the Order at 9 , *and not to create unnecessary motion practice*. Ordered by Magistrate Judge Vera M. Scanlon on 2/27/2023. (JR) (Entered: 02/27/2023)"

[02/27/2023 Order] (emphasis added).

Less than *two weeks* since this Court admonished Defendants' counsel "not to create unnecessary motion practice", Defendants have:

1. Violated Fed.R.Civ.P.15(a)(1)(A) by improperly filing the purported March 7, 2023 Amended Answer;

---

[5] "A *premotion conference with the Court is required before the filing of any motion* with the exception of habeas corpus petitions, default motions, social security, and bankruptcy appeals." (Emphasis added).

[6] "**No motion papers shall be filed via ECF until the motion has been fully briefed, except that upon notice to the Court and all parties, a party may file a motion before briefing is completed if waiting to file a fully briefed motion would result in the loss of an appellate or other right.**" (Emphasis in original).

[7] "**Any memoranda of law not complying with the requirements set forth herein may be returned**. Local Civil Rule 7.1." (Emphasis in original).

[8] "Except for letter-motions as permitted by Local Rule 7.1(d) or as otherwise permitted by the Court, all motions shall include the following motion papers:

(1) A notice of motion, or an order to show cause signed by the Court, which shall specify the applicable rules or statutes pursuant to which the motion is brought, and shall specify the relief sought by the motion;

(2) A memorandum of law, setting forth the cases and other authorities relied upon in support of the motion, and divided, under appropriate headings, into as many parts as there are issues to be determined; and

(3) Supporting affidavits and exhibits thereto containing any factual information and portions of the record necessary for the decision of the motion.

2. Violated Fed.R.Civ.P. 12(b) by improperly filing the March 8, 2023 pre-motion conference letter;

3. Violated the "bundling rule" in Your Honor's Individual III(C)(1)(a) by filing the March 8, 2023 renewed Motion to Dismiss;

4. Violated Your Honor's Individual Rule III(C)(2) and E.D.N.Y. LCR 7.1(a) by failing to submit a memorandum of law in support of the improperly filed Motion to Dismiss; and

5. Violated E.D.N.Y. LCR 7.1(a) by failing to articulate a legal basis for any of the relief sought in the improperly filed Motion to Dismiss.

**VI.   Defendants' Conduct is Sanctionable Under Fed.R.Civ.P. 16(f), 28 U.S.C. § 1927, and the Court's Inherent Authority**

Fed.R.Civ.P. 16(f) authorizes a court to impose sanctions, including those permitted by Rule 37(c)(2)(A)(ii)–(vii), when, *inter alia,* a party fails to obey a scheduling or pretrial order. Fed.R.Civ.P. 16(f)(1). Rule 16(f) further provides that "[i]nstead of or in addition to any other sanction, the court *must* order the party, its attorney, or both to pay the reasonable expenses – including attorney's fees – incurred because of any noncompliance with this rule, unless the noncompliance was substantially justified or other circumstances make an award of expenses unjust. Fed. R. Civ. P. 16(f)(2) (emphasis added). A district court's decision to impose sanctions under Rule 16(f) does not require a finding that the party acted in bad faith. *Krentsel & Guzman, LLP. v. JPMorgan Chase Bank, N.A*., 2020 WL 4207650, at *1 (S.D.N.Y. 2020) (citing *Huebner v. Midland Credit Mgmt., Inc*., 897 F.3d 42, 53 (2d Cir. 2018)). The mere "fact that a pretrial order was violated is sufficient to allow some sanction." *Id*.

Pursuant to 28 U.S.C. § 1927, "[a]ny attorney…who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct." Similarly, under the Court's inherent authority to control the proceedings that take place before it, any federal court "may exercise its inherent power to sanction a party or an attorney who has acted in bad faith, vexatiously, wantonly, or for oppressive reasons." *JMC Rest. Holding, LLC v. Pevida*, 2016 WL 3351007, *6 (E.D.N.Y. 2016) (internal quotations and citations omitted).

The Court should not continuance Defendants' failure to adhere to this Court's Individual Rules, LCRs, and clear and unequivocal Court Orders.

**VII.   Conclusion**

For the reasons set forth more fully herein, this Court should respectfully: (i) strike the purported Amended Answer because it was filed in violation of Fed.R.Civ.P. 15(a)(1); (ii) deny the March 8, 2023 pre-motion conference letter because the contemplated motion is filed in derogation of Fed.R.Civ.P. 12(b); and (iii) issue an order admonishing Defendants for violating Fed.R.Civ.P. 15(a)(1)(A), Fed.R.Civ.P. 12(b), Your Honor's Individual Rules III(C)(1)(a), LCR, 7.1(a), and this Court's February 27 and March 5, 2023 Orders.

Thank you, in advance, for your time and attention to this matter.

                                        Respectfully submitted,

                                        LEVIN-EPSTEIN & ASSOCIATES, P.C.

                                        By: */s/ Jason Mizrahi*
                                              Jason Mizrahi
                                              60 East 42nd Street, Suite 4700
                                              New York, NY 10165
                                              Tel. No.: (212) 792-0048
                                              Email: Jason@levinepstein.com
                                              *Attorneys for Plaintiff*

VIA ECF: All Counsel