# LEVIN-EPSTEIN & ASSOCIATES, P.C.

60 East 42nd Street • Suite 4700 • New York, New York 10165
T: 212.792-0048 • E: Jason@levinepstein.com

March 17, 2023

*<u>Via Electronic Filing</u>*
The Honorable Vera M. Scanlon, U.S.M.J.
U.S. District Court, Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

      Re: *Almonet v. Bermeo Food Corp. et al*
         Case No.: 22-cv-06048

Dear Honorable Magistrate Judge Scanlon:

 This law firm represents Plaintiff Cosmelina Almonte (the "Plaintiff") in the above-referenced matter.

 Pursuant to Your Honor's October 13, 2022 Status Report Order [Dckt. No. 9] (the "Status Report Order"), and Your Honor's Individual Motion Practice Rule II(b), this letter respectfully serves to respond to the letter motion filed on March 10, 2023 [Dckt. No. 24] by Defendants Bermeo Food Corp, Nelson Bermeo and Arturo Bermeo (collectively, the "Defendants"), which seeks a ***three (3) month extension of time*** to comply with Section 2 of Your Honor's October 13, 2022 Status Report Order [Dckt. No. 9] (the "March 10th Letter Motion").

 By way of background, Your Honor's October 13, 2022 Status Report Order [Dckt. No. 9] ordered Defendants to produce the following categories of ***pre-existing*** documents on or before February 9, 2023:

  a. The time sheets or other time records and payroll records in Defendant's possession, custody, or control that pertain to work Plaintiff performed during the period for which Plaintiff claims unpaid wages.

  b. Any written statement of policy, workplace rules or handbook setting out the policies and practices on compensating workers performing the relevant type of work.

  c. To the extent the personal liability of any individual Defendant is disputed (e.g., the defendant was not an owner or manager), state the basis for the defense, and include documentary evidence to support this position.

  d. To the extent Defendant's position is that finances should be considered in evaluating a settlement position, Defendant must produce financial documentation to Plaintiff's counsel, and that documentation must be treated as confidential.

[*See* Dckt. No. 9 at p. 2].

Via email circulated on March 9, 2023 at 4:58 p.m., Defendants' counsel represented the following:

"Please include in the joint letter that…[Defendants] will respond either tonight [*i.e.,* March 9, 2023] or tomorrow [*i.e.,* March 10, 2023]."

Via email circulated on March 9, 2023 at 5:00 p.m., Plaintiff's counsel transmitted the following confirmatory email:

"We will revise the letter to reflect the fact that Defendants will provide responsive information under Section 2 of the Status Report Order by the end of the day, on March 9, 2023 or tomorrow, March 10, 2023 and that you will be in a position to meet-and-confer by tomorrow, Friday, March 10, 2023."

On Friday, March 10, 2023, Defendants' counsel produced twenty-three (23) individual pages of records, consisting of two (2) affidavits and purported excel spreadsheets, in response to Your Honor's October 13th Status Report Order.

Thus, by admission, Defendants' **have already complied with** their obligations under Section 2 of the October 13th Status Report Order.

Defendants' March 10th Letter Motion seeks to delay the timeline of this action **by three (3) months**, on the basis Defendants wish to take Plaintiff's deposition, and the depositions of ten (10) purported non-party witnesses. [*See* Dckt. No. 24-2] (" we need to depose your client. Please let me know when we can depose your client"); [Dckt. No. 26-1] (…"we need an extension of time to do depositions and also offer 10 witnesses.")

This Court should respectfully deny the March 10th Letter Motion on the basis that it unreasonably seeks to delay the timeline of the instant proceedings. The October 13th Status Report Order clearly did not contemplate the exchange of full, formal discovery, including depositions.

The instant letter also respectfully serves to request the scheduling of a telephonic status call, to discuss the parties' positions vis-a-vis the October 13th Status Report Order, before the parties propose a discovery schedule in the above-referenced action.

Thank you, in advance, for your time and attention to this matter.

Respectfully submitted,

LEVIN-EPSTEIN & ASSOCIATES, P.C.

By: */s/ Jason Mizrahi*
Jason Mizrahi
60 East 42nd Street, Suite 4700
New York, NY 10165
Tel. No.: (212) 792-0048

Email: Jason@levinepstein.com
*Attorneys for Plaintiff*

VIA ECF: All Counsel