UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| Cosmelina Almonte, On Behalf Of Hersself and others similarly situated in the proposed FLSA Collective Action,<br><br>      Plaintiff,<br>v.<br><br>Bermeo Food Corp., Nelson Bermeo, Arturo Bermeo, and Suheidi Garate,<br>      Defendant,<br><br>_____/ | Civil Action No.: 1:22-cv-06048<br><br>**ANSWER, AFFIRMATIVE DEFESES AND COUNTERCLAIMS TO PLAINTIFF'S AMENDED COMPLAINT** |

## DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES AND COUNTERCLAIMS

COMES NOW Defendant Bermeo Food Corp., Nelson Bermeo and Arturo Bermeo, ("Defendants"), in answer to Plaintiff's complaint allege, upon information and belief, as follows:

1. 1. The paragraphs from 1 to 109, which include 9 claims, are denied, and strict proof thereof is demanded.

2. As per the attached affidavits from Suheidi Garate (Exhibit "C"), Defendant worked part-time as a dancer, accompanying clients for drinks and dancing. Plaintiff paid her $100 flat fee on Fridays and Saturdays from 8/10 p.m. to 4 a.m. Additionally, Plaintiff received $10 for each drink the client consumed, usually cashing in 10 tickets (distributed to all dancers by Suheidi Garate), totaling $100 (10 tickets x $10 = $100). When Plaintiff made liquor sales (tequila or rum bottles), she collected $25 for each bottle, typically making 4 sales. At the end of each shift, all dancers pooled the tips left by customers in a bucket, and each dancer received approximately $100. Detailed information about the payment system and payments made to Defendant from June 2022

to September 2022 can be found in Exhibit "E," and for the period from May 2021 to May 2022, refer to Exhibit "D."

3. In total, Plaintiff received the following amounts:

a. $26,865 (May to December 2021)

b. $13,660 (January to May 2022).

c. $5,355 (July to September 2022)

4. Suheidi Garate acted as a supervisor, not an employer, and depended on manager Nelson Bermeo, who had the authority to hire and fire employees. Suheidi was responsible for day-to-day activities under constant managerial supervision. Disagreements arose between Plaintiff and Suheidi over certain rules regarding loss of liquor and bottles, leading Plaintiff to spread lies about Suheidi, evidenced by threatening and disparaging audios that Suheidi left on Nelson's and others' phones. Transcripts of these audios are available online at the link: https://drive.google.com/drive/folders/1WbX0ouKq9tSxN2jH_qWyaCkS4oRRtp2t. Copies of the translations of these audios are attached as Exhibit "G".

5. Unsatisfied with spreading lies about Nelson Bermeo and Suheidi Garate, Plaintiff posted disparaging lies about the company and Defendants online, as shown in composite Exhibit "H."

6. Due to the constant harassment and unsustainable work conditions caused by Plaintiff, Suheidi Garate was forced to quit her job on or around the first week of September 2022, resulting in financial hardship and inability to find employment for over a year.

7. As a consequence of the ongoing conflicts, Nelson Bermeo had to terminate Cosmelina's employment around September 2022. Plaintiff was fired during this time, but

she visited Epstein's Law Office on August 18, 2022, spending 1.50 hours with them, as documented in the attached Activity Report (Exhibit "I").

8.  Since August 18, 2022, there has been no contact between Epstein and Plaintiff. On March 9, 2023, Epstein drafted a damages computation report without consulting Plaintiff, resulting in a misleading report (Exhibit "J"), which wrongly indicates that Plaintiff was still working for Defendant up to March 9, 2023.

9.  This gross negligence and fraudulent calculation are evident, as the original complaint filed on October 08, 2022 (Exhibit "B") was not verified, indicating that Epstein's only contact with Plaintiff was during the intake on August 18, 2022 (Exhibit "I"). The amended complaint filed on May 03, 2023 (Exhibit "A") appears to be fabricated.

10. Epstein's modus operandi, as depicted on their website, includes providing advice on "strategic planning," "strategic negotiations," and "strategic bankruptcy overview (see Exhibits "J", "K", "L").

11. Epstein's approach to cases is revealed in the advice given to a client, suggesting that the truthfulness of a complaint is not significant because most matters settle, regardless of whether wrongdoing occurred. Testimony from Epstein's client supports this claim (page 4, testimony of Epstein's client, Exhibit "M").

12. These testimonies demonstrate Epstein's mindset that an untruthful complaint can be resolved through settlement. This mindset is evident in the fabrication of the Activity Report (Exhibit "I"), where Epstein falsely claimed that Plaintiff was still employed by Defendant until March 9, 2023, without consulting Plaintiff. In reality, Plaintiff had already indicated that she was not working for Defendant when the original complaint was filed on October 08, 2022 (Exhibit "B").

13. During a settlement discussion with Plaintiff's counsel on March 10, 2023, the undersigned inquired about the last time they had spoken to Plaintiff, but no answer was provided, hiding behind the attorney-client privilege.

14. Therefore, this complaint appears to be a fabrication, likely stemming from Plaintiff's frustrations expressed to Epstein on August 18, 2022, regarding the conditions she experienced with Nelson Bermeo and Suheidi Garate, leading her to seek retaliation against Defendants.

WHEREFORE, Defendant respectfully requests that Plaintiff take nothing by way of its Complaint, for costs of this action to be assessed against Plaintiff, for Plaintiff's cause of action to be dismissed, for judgment in favor of Defendant and against Plaintiff, for Defendant's reasonable attorney's fees and litigation expenses as allowed by law, and for all other just and proper relief.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE:
## FAILURE OF CONTRACTUAL CONDITION PRECEDENT: NO EMPLOYER-EMPLOYEE RELATIONSHIP

15. Defendant reiterates the defenses made in the above paragraphs.

16. Defendant failed to demonstrate that she was working as a full-time employee for Defendant or whether she was entitled to overtime payment or that she was not being paid fairly or according to her position.

17. Plaintiff has not established that they are a full-time employee, which is necessary to be covered by the FLSA. As discussed in *Karropoulos v. Soup Du Jour, Ltd.*, 128 F. Supp. 3d 518 (E.D.N.Y. 2015), the burden of proof for employers asserting exemptions to the FLSA's overtime requirement rests on the employer. However, if the plaintiff cannot even establish that they are a full-time employee, the defendant may be able to argue that the plaintiff's claim fails at the outset

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE:

## FAILURE TO STATE A CAUSE OF ACTION

18. Defendant reiterates the defenses made in the above paragraphs.

19. Since Plaintiff has not proved an employer-employee relationship, there is no subject matter jurisdiction and no cause of action.

20. Additionally, Plaintiff was fully compensated. The Plaintiff has already been fully compensated. In *Santos v. Cancun & Cancun Corp.,* 21-CV-0192 (LDH) (RER) (E.D.N.Y. Feb. 17, 2022), the court noted that in order to have liability under the FLSA and NYLL, there must be an employer-employee relationship. If the defendant can show that the plaintiff was already compensated in full, this undermines the plaintiff's claim.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE:
## LACK OF SUBJECT MATTER JURISDICTION

21. Defendant reiterates the defenses made in the above paragraphs.

22. Since Plaintiff has not proved an employer-employee relationship as a full time employee, there is no subject matter jurisdiction and no cause of action.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE:
## DEFAMATION AND TORTIOUS INTERFERENCE TO DEFENDANT'S LINE OF BUSINESS

23. Defendant reiterates the defenses made in the preceding paragraphs.

24. Plaintiff has defamed Defendant using fake Instagram pages as a retaliatory tactic. Also Plaintiff has interfered with Defendant's line of business because Plaintiff threatened and harassed Suheidi Garate making her quit.

25. As a result of Plaintiff's actions, Defendant experienced a financial loss because it was very hard to find another reliable and dependable employee such as Suheidi Garate.

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE: DEFAMATION OF DEFENDANT SUHEIDI GARATE

26. Defendant reaffirms the defenses presented in the preceding paragraphs.

27. Plaintiff engaged in defamatory behavior towards Defendant Suheidi Garate by spreading false information about her to other employees and making disparaging phone calls to third parties. Moreover, Plaintiff disseminated these falsehoods on social media platforms such as Instagram and Facebook.

28. Specifically, Plaintiff left derogatory messages and voice recordings about Suheidi Garate on the voicemail of Nelson Bermeo and other staff members. An audio recording of these messages can be accessed via the following link: https://drive.google.com/drive/folders/1WbX0ouKq9tSxN2jH_qWyaCkS4oRRtp2t. (Translations of these audios are provided as Exhibit "G").

29. As a direct consequence of these defamatory lies, Suheidi Garate was compelled to resign from her employment, which significantly hindered her ability to secure new employment and resulted in financial loss.

30. In *Novagold Res. v. J Capital Research LLC*, 20-CV-2875 (LDH) (PK) (E.D.N.Y. Mar. 28, 2022), the court outlined the elements for a defamation claim in New York, which include a written defamatory statement of fact concerning the plaintiff, publication to a third party, and falsity of the defamatory statement.

## AS AND FOR A SIXTH AFFIRMATIVE DEFENSE: FABRICATION

31. Defendant reiterates the defenses made in the above paragraphs.

32. On March 09, 2023, a day before Epstein and Defendant had a phone conference regarding a possible mediation of this case, Epstein fabricated evidence on its own, stating that Plaintiff was still working for Defendant upto March 09, 2023 (Exhibit "J") when in fact Epstein already claimed that Plaintiff was not associated with

Defendant by the time the original complaint was filed on October 08, 2022 (Exhibit "B").

33. The evidence provided by the plaintiff is fabricated. In *Liu v. Little Saigon Cuisine Inc.*, 18-CV-2181 (RPK) (VMS) (E.D.N.Y. Sep. 30, 2021), the court found that the plaintiff's testimony was not credible due to memory problems and gaps in employment records. Since the evidence provided by the plaintiff is fabricated, this also undermines the plaintiff's claim.

## AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE: MISREPRESENTATIONS OF EPSTEIN LAW OFFICE

34. Defendant reiterates the defenses made in the above paragraphs.

35. On March 09, 2023, Epstein not only fabricated the Activity report (Exhibit "J"), falsely stating that Plaintiff was still employed by Defendant despite the original complaint being filed on October 08, 2022 (Exhibit "B"), but also created fraudulent evidence to support this false claim. Such misrepresentation can be considered a serious offense, potentially constituting a criminal act.

36. For example, in *Grievance Comm. for the Tenth Judicial Dist. v. Koper (In re Koper),* 171 N.Y.S.3d 585 (N.Y. App. Div. 2022), the court found that the respondent violated rules of professional conduct by knowingly offering or using evidence that he knew to be false. Similarly, in *Grievance Comm. for the Second, Eleventh, & Thirteenth Judicial Dists. v. Lefkowitz* (In re Lefkowitz), 79 N.Y.S.3d 686 (N.Y. App. Div. 2018), the court found that the respondent's conduct in drafting a judicial subpoena that purported to be witnessed by a Supreme Court judge constituted a "knowing, direct, and intentional interference in the judicial process." The New York Penal Law also criminalizes the act of knowingly making or preparing false physical evidence with the intent that it be used in an official proceeding. Section 215.40 specifically states that a person is guilty of tampering with physical evidence when they knowingly make, devise, or prepare false physical evidence, or produce or offer such evidence at a proceeding knowing it to be false.

37. Other cases we found discuss similar conduct, such as falsifying documents or lying to clients in order to obtain a desired outcome. For example, *Matter of Davidson*, 15 A.D.2d 327 (N.Y. App. Div. 1962), the court found that the respondent had engaged in professional misconduct by falsifying documents and lying to his clients in order to obtain a divorce decree for them. In *Matter of Schildhaus*, 23 A.D.2d 152 (N.Y. App. Div. 1965), the court found that the respondent violated rules of professional conduct by making material misrepresentations to the court.

38. On *Tribeca Equity Partners L.P. v. Savitt*, 997 N.Y.S.2d 101 (N.Y. Civ. Ct. 2014), the case discusses a lawyer's misrepresentations to the court, including fabricating evidence, and the consequences of such conduct, where it was stated:

> *Sanders v. Copley*, 194 A.D.2d 85, 88 (1st Dep't 1993). Moreover, as stated by the First Department in disciplining an attorney: An attorney is to be held strictly accountable for his statements or conduct which reasonably could have the effect of deceiving or misleading the court in the action to be taken in a matter pending before it.

39. On *Valenzuela v. City of New York*, 59 A.D.3d 40 (N.Y. App. Div. 2008), the Court reasoned:

> "In appearing as a lawyer before a tribunal, a lawyer shall not assert personal knowledge of the facts in issue, except when testifying as a witness, and shall not assert a personal opinion as to the credibility of a witness (Code of Professional Responsibility DR 7-106 [c] [3], [4] [ 22 NYCRR 1200.37 (c) (3), (4)]); see also People v Paperno, 54 NY2d 294, 300-301; People v Blake, 139 AD2d 110, 114. This conduct amounts to a subtle form of testimony, as to which the opposing party cannot cross-examine ( id., citing Paperno at 301)."

> "Counsel made this statement even though testimony from his own client indicated that a Parks Department truck had picked plaintiff up from the field. Moreover, counsel unequivocally vouched for his own credibility and sought to bolster it as well by improperly invoking his status as a member of the bar. Thus, counsel expressly asserted in the presence of the jury that "[a]s an officer of the court," he was "telling" the court that the City's counsel was fabricating evidence."

40. On *Timoshenko v. Mullooly, Jefferson, Rooney & Flynn LLP*, 17-CV-4472 (ILG) (ST) (E.D.N.Y. Apr. 25, 2022), The Court cited Fed.R.Civ.P. 11(b)(2) that provides that [b]y presenting to the court a pleading, written motion, or other paper-whether by signing, filing, submitting, or later advocating it-an attorney . .. certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances ... the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law.".

41. Additionally, in the *Timoshenko* case, the Court rebuked the attorney for their misconduct, delivering a stern admonishment:

> It is regrettable to have to remind an attorney not knowingly to misstate the law or the facts to achieve a gain for his client. To remind him that his obligation is owed not only to his client, **but to the court**, to the demands of the judicial process, and to the integrity of the profession in which he is licensed to practice.

42. The Statute is also clear in this respect: Section 352-C - Prohibited acts constituting misdemeanor; felony, N.Y. Gen. Bus. Law § 352-C:

> "1. It shall be illegal and prohibited for any person, partnership, corporation, company, trust or association, or any agent or employee thereof, to use or employ any of the following acts or practices: (a) Any fraud, deception, concealment, suppression, false pretense or fictitious or pretended purchase or sale; (b) Any promise or representation as to the future which is beyond reasonable expectation or unwarranted by existing circumstances; (c) Any representation or statement which is false, where the person who made such representation or statement: (i) knew the truth; or (ii) with reasonable effort could have known the truth; or (iii) made no reasonable effort to ascertain the truth; or (iv) did not have knowledge concerning the representation or statement made; where engaged in to induce or promote the issuance, distribution, exchange, sale, negotiation or purchase within or from this state of any securities or commodities, as defined in section three hundred fifty-two of this article, regardless of whether issuance, distribution, exchange, sale, negotiation or purchase resulted. 2. It shall be illegal and prohibited for any person, partnership, corporation, company, trust or association,

or any agent or employee thereof, to engage in any artifice, agreement, device or scheme to obtain money, profit or property by any of the means prohibited by this section. 3. Any person, partnership, corporation, company, trust or association, or any agent or employee thereof who intentionally engages in fraud, deception, concealment, suppression, false pretense or fictitious or pretended purchase or sale, or who makes any material false representation or statement with intent to deceive or defraud, while engaged in inducing or promoting the issuance, distribution, exchange, sale, negotiation or purchase within or from this state of any securities or commodities, as defined in this article, and thereby wrongfully obtains property of a value in excess of two hundred fifty dollars, shall be guilty of a class E felony. N.Y. Gen. Bus. Law § 352-C.

43. Overall, the authorities we found suggest that a lawyer, such as Epstein, who fabricates evidence in order to support a fake fact has committed misrepresentation. This conduct may violate rules of professional conduct, be prejudicial to the administration of justice, and even constitute a criminal offense.

WHEREFORE, Defendant respectfully requests that this Honorable Court dismiss Plaintiff's Complaint without prejudice, and for all other relief to which this Defendant proves himself/herself entitled including an award of reasonable attorney's fees and costs, and for such other and further relief as the court deems just and proper. Defendant having responded to the complaint filed herein for the purpose of reserving the right to hearing before the court respectfully prays of the court as follows**:**

A. That the debtor(s) be granted a **preliminary hearing** on all issues raised by the pleadings in this case;

B. That if applicable Plaintiff be ordered to **produce all documents** in support to her allegation that Plaintiff and Defendant engaged in an employer-employee relationship before any court hearing;

   C.   That the Court requires Plaintiff to **produce a complete copy of the tax returns for the years 2021 and 2022 and also bank accounts to document Plaintiff's income**;

   D.   hat if applicable Plaintiff be required to provide Defendant for each party listed as party in this alleged class action;

   G.   That the notice of pendency be cancelled with prejudice;

   H.   That if applicable this motion be dismissed for failure to state a cause of action and failure prosecute the same in the name of the real party in interest, to join necessary and mandatory parties, or to include the Trustee under the Deed of Trust, or the Trustee under the Pooling and Servicing Agreement, as a necessary party;

   I.   That Defendant has such other and further relief as to the court may seem just and proper.

## DEFENDANT'S FIRST COUNTERCLAIM
## DEFAMATION

44.   Defendant reiterates the defenses made in the preceding paragraphs.

45.   Plaintiff has defamed Defendant using fake Instagram and facebook pages as a retaliatory tactic. Also, Plaintiff has broadcasted all lies about Suheidi Garate and Nelson Bermeo to most of the employees, forcing her to quit.

## SECOND COUNTERCLAIM
## TORTIOUS INTERFERENCE TO DEFENDANT'S LINE OF BUSINESS

46. Defendant reiterates the defenses made in the preceding paragraphs.

47. The threatening conduct displayed by the Plaintiff forced Suheidi Garate to resign from her position. This action resulted in Nelson Bermeo experiencing significant difficulties in finding another employee who could match the reliability and dependability of Suheidi. Consequently, Nelson Bermeo suffered considerable financial losses as a result of these circumstances.

## THIRD COUNTERCLAIM

### MISREPRESENTATIONS OF EPSTEIN LAW OFFICE

48. Defendant reiterates the defenses made in the preceding paragraphs.

49. On March 09, 2023, Epstein engaged in the fabrication of the Activity report (Exhibit "J"), wherein false information was provided stating that Plaintiff was still employed by Defendant, despite the fact that the original complaint had been filed on October 08, 2022 (Exhibit "B"). Furthermore, Epstein intentionally created fraudulent evidence in order to substantiate this false claim. Such deliberate misrepresentation can be regarded as a grave offense and may potentially amount to a criminal act.

Defendant specifically reserves the right to assert additional counterclaims, mandatory and non-mandatory, upon completion of ongoing discovery.

**WHEREFORE**, Defendant respectfully requests that the Court award judgment as follows:

1. Declaring the present action void and unenforceable.

2. Awarding Defendant such actual, compensatory, punitive and statutory damages as determined by the trier of fact.

3. Awarding Defendant, the costs and disbursements of this action inclusive of attorneys' fees; and

4. For such other and further relief as this Court deems just and proper.

## **ALTERNATIVE DEMAND FOR TRIAL BY JURY**

4. Defendant hereby demands trial by jury in the alternative.

Dated: Queens, New York
July 7, 2023

By:   LIZARRAGA LAW FIRM, PLLC

_____
William Robert Lizarraga, Esq.
Attorney for Defendants
3753 90TH Street, Ste. 3
Jackson Heights, NY 11372
wlizarraga.lawfirm@gmail.com
www.totallegalhelpteam.com
Phone (917) 396-4601
Fax (917) 396-4608

TO:   Levin-Epstein & Associates, PC
60 East 42nd Street, Suite 4700
New York, NY 10165

## VERIFICATION

We, Nelson Bermeo, Arturo Bermeo and Suheidi Garate, state that the matters stated in the attached Answer are true to the best of our knowledge, except those matters herein stated to be alleged upon information and belief, and that as to those matters, we believe them to be true.

Dated: Queens, NY

July 5, 2023

X _____
Nelson Bermeo
Defendant (personally and as Manager of Bermeo Food Corp).

X _____
Arturo Bermeo
Defendant

X _____
Suheidi Garate
Defendant

STATE OF NEW YORK ))
COUNTY OF QUEENS ))

Sworn or affirmed before me this
_____5th_____ -day of July, 2023.

_____
Notary Public
My Commission Expires

WILLIAM R. LIZÁRRAGA
Notary Public - State of New York
No. 02LI6401813
Qualified in Nassau County
My Commission Expires 12/16/2023

Civil Action No.: 1:22-cv-06048 KAM-VMS

## AFFIRMATION OF SERVICE

State of New York    }

                                  : ss.

County of Queens    }

William Robert Lizarraga, Attorney for Defendant, states:

That on July 7, 2023 I served a true copy of the **FOREGOING ANSWER AND AFFIRMATIVE DEFENSES** via ECF in the State of New York, to

    LEVIN-EPSTEIN & ASSOCIATES, PC
    ATTORNEYS FOR PLAINTIFF
    60 EAST 42ND STREET, SUITE 4700
    NEW YORK, NY 10165

                                                  Dated: Queens, New York
                                                        July 7, 2023

By:            LIZARRAGA LAW FIRM, PLLC

                          William Robert Lizarraga, Esq.
                          Attorney for Defendants
                          3753 90TH Street, Ste. 3
                          Jackson Heights, NY 11372

| | |
|---|---|
| UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF NEW YORK | |
| Cosmelina Almonte, On Behalf Of Hersself and others similarly situated in the proposed FLSA Collective Action, | Civil Action No.: 1:22-cv-06048 KAM-VMS |
| Plaintiff, v. | **ANSWER, AFFIRMATIVE DEFESES AND COUNTERCLAIMS** |
| Bermeo Food Corp., Nelson Bermeo and Arturo Bermeo, Defendant, | |

**ANSWER, AFFIRMATIVE DEFENSES AND COUNTERCLAIM**

_____

Dated: Queens, New York
     July 7, 2023



William Robert Lizarraga, Esq.
Attorney for Defendants
3753 90TH Street, Ste. 3
Jackson Heights, NY 11372
wlizarraga.lawfirm@gmail.com
www.totallegalhelpteam.com
Phone (917) 396-4601
Fax (917) 396-4608

_____

Pursuant to 22 NYCRR 130-1.1, the undersigned an attorney admitted to practice in the Courts of the State of New York, certifies that, upon information and belief and reasonable inquiry, the contentions contained in the annexed documents are not frivolous.

Dated: Queens, New York
     July 7, 2023

_____
William Robert Lizarraga
Attorney for Defendants

To:  Levin-Epstein & Associates, PC
     Attorneys for Plaintiff
     60 East 42nd Street, Suite 4700
     New York, NY 10165